JUDGE RAMOS

Tamir W. Rosenblum (TR 0895)
Haluk Savci (HS 0853)
MASON TENDERS DISTRICT
COUNCIL OF GREATER NEW YORK
520 Eighth Avenue, Suite 650
New York, New York 10018
(212) 452-9451

13 CIV 7229



Counsel for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MASON TENDERS DISTRICT COUNCIL OF
GREATER NEW YORK AND LONG ISLAND

                Plaintiff,

   -against-

CAC OF NEW YORK, INC. and ATLAS
RESTORATION, CORP.

                Defendants.
-----------------------------------------------------------------X

COMPLAINT

    The Mason Tenders District Council of Greater New York and Long Island, on behalf of its constituent local Asbestos, Lead, and Hazardous Waste Local 78 (collectively the "MTDC" or the "Union"), by its undersigned counsel, for its complaint alleges as follows:

### THE ACTION

1.    This is an action brought pursuant to Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 185 to confirm an arbitration award (the "Award") issued in accordance with the grievance and arbitration provisions of a collective bargaining agreement; and as such, to compel defendant CAC of New

York, Inc. ("CAC") and co-defendant Atlas Restoration, Corp. ("Atlas") as joint employers, to participate in the damages phase of the arbitration proceeding as the Award requires. In short, the Union seeks a judgment confirming the Award and ordering the Defendants, as joint employers, to comply with it.

## THE PARTIES

2. Plaintiff is a "labor organization" within the meaning of 29 U.S.C. Section 152(5). The MTDC maintains its principal place of business within this judicial district, at 520 8th Ave., Suite 650, N.Y., N.Y. 10018.

3. Defendant CAC is an "employer" in an industry affecting commerce within the meaning of 29 U.S.C. Section 152(2). CAC is a corporation that transacts business in the State of New York. CAC is located at 165 Horton Ave. Lynbrook NY 11565.

4. Defendant Atlas is an "employer" in an industry affecting commerce within the meaning of 29 U.S.C. Section 152(2). Atlas is a corporation that transacts business in the State of New York. Atlas is located at 3511 9th Street, Long Island City, NY 11106.

5. Most recently, in or about December 2009, CAC's President John Romano executed a collective bargaining agreement with the MTDC (the "CBA") on behalf of CAC that extended the then existing collective bargaining agreement, with some modifications, through November 30, 2014 (all references to "CBA" hereinafter refer to the preexisting contract as modified and extended by the 2009 side letter).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under Section 301 of the LMRA, 29 U.S.C. Section 185, and 28 U.S.C. Sections 1331 and 1337.

7.  Venue lies in this judicial district under Section 301 of the LMRA, 29 U.S.C. Section 185, because Defendant CAC transacts business in this judicial district. Venue lies in this judicial district under 28 U.S.C. Section 1391(b), because the MTDC maintains offices in this judicial district and the arbitration proceeding was convened in this judicial district.

## STATEMENT OF FACTS

### The Collective Bargaining Agreement

8.  The CBA requires that the Employer perform all work covered therein pursuant to the terms and conditions of employment set forth in the agreement, and further requires that the Employer notify the Union of all jobs required to be performed under the CBA. The CBA sets forth, among other things, wage and fringe benefit rates for employees performing covered work, as well as requiring the Employer to employ a shop steward referred by the Union, and to comply with collectively bargained referral procedures.

9.  For example, Article III (2)(a) of the CBA provides:

> Whenever an Employer requires employees to perform work covered by this Agreement on any job, the Employer shall notify the appropriate Hiring Hall, either by telephone or in writing (on a form to be supplied by the Union to all signatory Employers), stating the job location and the job start date and start time, and the number and type of employees required.

10. Article III, Section 4(b) provides in part that where:

> the Employer has failed to notify the Unions, or on which it has otherwise failed to employ, or maintain in employment, a shop steward appointed by the Union. In such cases, the Employer shall be liable in a grievance (payable to members of the bargaining unit[s] represented by the affected Union as reasonably allocated by the Union) equal to the pay and benefits for all hours worked by Handlers on the site in violation of Section 2 above, and shall further be obligated to immediately employ on the job, a Shop Steward and other Handlers sufficient to prospectively remedy the violation.

11.     Under Article VI of the CBA, workers employed at the site are to be paid wages, have fringe benefit contributions made on their behalf, and shall have union dues and MTDC PAC contributions deducted in the amounts and in the manner the CBA sets forth.

The Grievance and Hearing Process

12.     Article XII of the CBA sets forth a grievance and arbitration process to resolve disputes arising out of application of the CBA. Specifically Article XII, provides that the Union may "submit disputes arising between the parties involving questions of interpretation or application of any clause of this Agreement (or a previous Agreement to which the Employer was subject)." Joseph A. Harris is set forth as an arbitrator to hear the arbitration case arising between the parties. Pursuant to Article XII, i) "any decision of the arbitrator shall be binding upon the parties and shall be complied with by the Employer within five days of the issuance of the award."

13.     A dispute arose between the parties in or about September 2012 regarding the Union's claim that CAC failed to apply the terms and conditions of the CBA, including the provisions regarding notifying the Union of commencement of work and compensating workers under the terms of the CBA, with respect to work performed at Co-op City (the "Jobsite").

14.     On or about October 16, 2012, the Union forwarded a Notice of Demand for Arbitration to CAC. The dispute noticed to for arbitration was as follows:

> Whether the CAC of NY (the "Employer") has violated the applicable collective bargaining agreement by working without regard for contractual obligations, including by failing to report jobs to the union, employing non-union employees, and otherwise failing to maintain collectively bargained terms and conditions of

4

employment, such as by not paying contractually required wages and fringe benefit contributions to and on behalf of the people they employs?

If so what shall be the remedy?

15. A hearing was held on January 25, 2013, before Arbitrator Joseph A. Harris. Both parties were represented by counsel, and presented witness-testimony, documentary evidence, and argument in support of their respective positions.

The Arbitration Award

16. On March 23, 2013, Arbitrator Harris sustained the grievance and issued the Award in favor of the Union finding that beginning "[a]fter October 3, 2012, the asbestos abatement work at Co-op City was done by or with the consent of CAC of New York, in violation of the Collective Bargaining agreement (CBA)."

17. The arbitrator further found, as stipulated by the parties, that "a second hearing will be held to determine damages and will also address the issue, among others, of at what point, if at all, any party for which CAC is not responsible assumed the Co-op city abatement work".

18. CAC has made no effort to reach a mutually acceptable settlement of the claim for which the Award holds it liable, and has contemporaneously failed to pay substantial other contribution amounts owed to the Mason Tenders District Council Fringe Benefit Funds for work it performed under the CBA at various other jobsites.

19. The Union's letter to CAC and Atlas of September 25, 2013 seeking confirmation of their expected participation in the damages phase of the arbitration, as called for under the Award, has met with no response from either employer.

Atlas's Joint Liability

20. CAC's primary defense at the arbitration was that it did not perform any work at Co-op city after October 3, 2012, because the work had been turned-over to another company, Atlas. However, the undisputed evidence presented at trial and in a related litigation, established that CAC and Atlas were operating as joint employers at the Jobsite.

21. The workers and supervisors were paid all paid by Atlas, and, according to CAC, all revenues derived from the job were paid exclusively to Atlas, but CAC remained the employer of record under the New York Department of Labor's and New York Department of Environmental Protection's reticulated rules regarding the performance of asbestos abatement. As CAC President Romano acknowledged, while his company remained responsible for any mishap that might occur on the job and appeared as the employer of record on all legally-mandated postings related to the hazardous work being performed at the site, Romano had transferred CAC's on-site equipment to Atlas (for which he was paid nothing), and facilitated the entire on-site CAC workforce transitioning to employment with Atlas.

22. The joint control of labor relations manifest by this intertwined employment structure made Atlas and CAC joint employers, liable for one another's obligations under federal labor law, including compliance with the Award.

FIRST CAUSE OF ACTION (Against CAC)

23. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 to 22 of the Complaint, as though set forth in full herein.

24. By failing to abide by the terms of the Award and participate in the damages phase of the arbitration proceedings, CAC has breached its obligations under the CBA and has violated LMRA Section 301, 29 U.S.C. Section 185.

### SECOND CAUSE OF ACTION (Against Atlas)

25. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 to 24 of the Complaint, as though set forth in full herein.

26. By failing to abide by the terms of the Award and participate in the damages phase of the arbitration proceedings, Atlas, as a joint employer with CAC, has breached the obligations it implicitly adopted under the CBA, and has violated LMRA Section 301, 29 U.S.C. Section 185.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests this Court enter judgment in its favor:

    a.    Confirming the March 23, 2013 Award;

    b.    Ordering the Defendants to participate in the second phase damages proceedings of the arbitration process as called for under the Award.

Dated:  New York, New York
          October 11, 2013

Respectfully submitted,

By: _____
Tamir W. Rosenblum
Haluk Savci
Mason Tenders District
Council of Greater New York
520 8th Ave., Suite 650
New York, NY